IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| APPALACHIAN COMMUNITY CAPITAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, | No. 26-562 <br><br> Judge Dietz |

**DEFENDANT'S ANSWER**

For its answer to plaintiffs' complaint, defendant, the United States, admits, denies, and alleges as follows:

1.  The allegations contained in paragraph 1 constitute plaintiff's characterization of this action and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2.  Admits the allegation in the first sentence of paragraph 2. The second sentence of paragraph 2 characterizes a grant agreement; that agreement is the best evidence of its contents. Denies the remainder of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3.  Admits that on March 11, 2025, EPA unilaterally terminated the grant agreement.  Denies the remainder of the allegations in paragraph 3.

4.  The allegations contained in paragraph 4 constitute plaintiff's conclusions of law to which no answer is required. The second sentence of paragraph 4 constitutes plaintiff's characterization of the grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 4.

5.   The allegations contained in paragraph 5 constitute plaintiff's characterization of this action to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6.   The allegations contained in paragraph 6 constitute plaintiff's conclusions of law to which no answer is required.

7.   Admits the allegation in the first sentence of paragraph 7.  EPA denies for lack of knowledge or information sufficient to form a belief as to their truth the remaining allegations in paragraph 7.

8.   Admits.

9.   The allegations contained in paragraph 9 constitute plaintiff's conclusions of law to which no answer is required.

10. Paragraph 10 constitutes plaintiff's characterization of an Act of Congress; that Act is the best evidence of its content and EPA otherwise denies the allegations in paragraph 10.

11. The allegations in paragraph 11 contain conclusions of law to which no response is required. To the extent the allegations characterize an Act of Congress, that Act is the best evidence of its contents. EPA otherwise denies the allegations contained in paragraph 11.

12. To the extent the allegations in paragraph 12 characterize an Act of Congress, that Act is the best evidence of its contents. To the extent the second sentence in paragraph 12 is a conclusion of law, no response is required.

13. To the extent the allegations in paragraph 13 characterize an Act of Congress, that Act is the best evidence of its contents. EPA admits that Congress appropriated $30 million for administrative costs necessary to carry out the GGRF program but otherwise denies the allegations contained in paragraph 13.

14. Paragraph 14 appears to constitute plaintiff's characterization of a Congressional Research Services report; that report is the best evidence of its content and EPA otherwise denies the allegations in paragraph 14.

15. Paragraph 15 constitutes plaintiff's characterization of an EPA guidance document; that document is the best evidence of its content and EPA otherwise denies the allegations in paragraph 15.

16. Paragraph 16 appears to constitute plaintiff's characterization of several EPA press releases and a Congressional Research Services report; those documents are the best evidence of their content and EPA otherwise denies the allegations in paragraph 16.

17. Paragraph 17 characterizes Plaintiff's application for CCIA grant funding. That document speaks for itself and is the best evidence of its contents. As to the second sentence, EPA denies for lack of knowledge or information sufficient to form a belief as to their truth.

18. This paragraph characterizes the contents of an EPA press release; that press release is the best evidence of its contents and speaks for itself. EPA otherwise denies the allegations in paragraph 18

19. Admits the allegations contained in paragraph 19 to the extent supported by the document cited, which is the best evidence of its content; otherwise denies the allegations contained in paragraph 19.

20. Paragraph 20 constitutes plaintiff's characterization of the grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 61

21. Paragraph 21 constitutes plaintiff's characterization of the grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 21.

22. Admits.

23. Paragraph 23 constitutes plaintiff's characterization of the revised grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 23.

24. Paragraph 24 constitutes plaintiff's characterization of the grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 24.

25. Paragraph 25 constitutes plaintiff's characterization of the grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 25.

26. Paragraph 26 constitutes plaintiff's characterization of the revised grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 26.

27. Paragraph 27 constitutes plaintiff's characterization of the revised grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 27.

28. Paragraph 28 constitutes plaintiff's characterization of the revised grant agreement and EPA's 2024 General Terms and Conditions; those documents are the best evidence of their content and EPA otherwise denies the allegations in paragraph 28.

29. Paragraph 29 constitutes plaintiff's characterization of the revised grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 29.

30. Paragraph 30 constitutes plaintiff's characterization of the revised grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 30.

31. Paragraph 31 constitutes plaintiff's characterization of the revised grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 31.

32. Paragraph 32 constitutes plaintiff's characterization of the revised grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 32.

33. Admits.

34. Paragraph 34 constitutes plaintiff's characterization of its workplan and process in developing said workplan; that document is the best evidence of its contents and EPA otherwise denies the allegations in paragraph 34.

35. Paragraph 35 constitutes plaintiff's characterization of its workplan; the workplan is the best evidence of its content and EPA otherwise denies the allegations in paragraph 35.

36. Paragraph 36 constitutes plaintiff's characterization of its workplan; the workplan is the best evidence of its content and EPA otherwise denies the allegations in paragraph 36.

37. Paragraph 37 constitutes plaintiff's characterization of its workplan; the workplan is the best evidence of its content and EPA otherwise denies the allegations in paragraph 37.

38. Admits.

39. Admits.

40. Denies the allegations in paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41. Denies the allegations in paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth.

42. Denies the allegations in paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43. Denies the allegations in paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth.

44. Denies the allegations in paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth.

45. Denies the allegations in paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth.

46. Denies the allegations in paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47. Denies the allegations in paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.

48. Denies the allegations in paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth.

49. Denies the allegations in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth.

50. Denies the allegations in paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth.

51. Denies the allegations in paragraph 51 for lack of knowledge or information sufficient to form a belief as to their truth.

52. Denies the allegations in paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth.

53. Denies the allegations in paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth.

54. Denies the allegations in paragraph 54 for lack of knowledge or information sufficient to form a belief as to their truth.

55. Denies the allegations in paragraph 55 for lack of knowledge or information sufficient to form a belief as to their truth.

56. The allegations contained in paragraph 56 are Plaintiff's conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

57. The allegations contained in paragraph 57 are Plaintiff's conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

58. The allegations contained in paragraph 58 constitute plaintiff's conclusions of law to which no answer is required. To the extent the allegations in paragraph 58 may be deemed allegations of fact, they constitute plaintiff's characterization of the revised grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 58.

59. Paragraph 59 constitutes plaintiff's characterization of an EPA Federal Register notice; that notice is the best evidence of its content and EPA otherwise denies the allegations in paragraph 59.

60. Paragraph 60 constitutes plaintiff's characterization of an EPA Federal Register notice; that notice is the best evidence of its content and EPA otherwise denies the allegations in paragraph 60.

61. The allegations contained in paragraph 61 constitute plaintiff's conclusions of law to which no answer is required. To the extent the allegations may be deemed allegations of fact, they constitute plaintiff's characterization of EPA's 2024 General Terms and Conditions and the revised grant agreement; those documents are the best evidence of their content and EPA otherwise denies the allegations in paragraph 61.

62. Paragraph 62 constitutes plaintiff's characterization of the revised grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 62.

63. Paragraph 63 constitutes plaintiff's characterization of the revised grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 63.

64. Paragraph 65 constitutes plaintiff's characterization of the revised grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 64.

65. Paragraph 65 constitutes plaintiff's characterization of section 200.339 of Title Two of the Code of Federal Regulations; that section is the best evidence of its content and EPA otherwise denies the allegations in paragraph 65.

66. Paragraph 66 constitutes plaintiff's characterization of section 200.340 of Title Two of the Code of Federal Regulations; that section is the best evidence of its content and EPA otherwise denies the allegations in paragraph 66.

67. The allegations contained in paragraph 67 constitute plaintiff's conclusions of law to which no answer is required. To the extent the allegations may be deemed allegations of fact, they constitute plaintiff's characterization of OMB's Federal Financial Assistance regulations; those regulations are the best evidence of their content and EPA otherwise denies the allegations in paragraph 67.

68. The allegations contained in paragraph 68 constitute plaintiff's conclusions of law to which no answer is required. To the extent the allegations may be deemed allegations of fact, they constitute plaintiff's characterization of OMB's Federal Financial Assistance regulations and guidance documents; those regulations and guidance documents are the best evidence of their content and EPA otherwise denies the allegations in paragraph 68.

69. The allegations contained in paragraph 69 constitute plaintiff's conclusions of law to which no answer is required. To the extent the allegations may be deemed allegations of fact, they constitute plaintiff's characterization of EPA Federal Register notices; those notices are the best evidence of their content and EPA otherwise denies the allegations in paragraph 69.

70. Denies.

71. The allegations contained in paragraph 71 constitute plaintiff's conclusions of law to which no answer is required.

72. The allegations contained in paragraph 72 constitute plaintiff's characterization of EPA's termination letter; that letter is the best evidence of its content and EPA otherwise denies the allegations in paragraph 72.

73. The allegations contained in paragraph 73 constitute plaintiff's characterization of EPA's termination letter; that letter is the best evidence of its content and EPA otherwise denies the allegations in paragraph 73.

74. The allegations contained in paragraph 74 constitute plaintiff's characterization of EPA's termination letter; that letter is the best evidence of its content and EPA otherwise denies the allegations in paragraph 74.

75. The allegations contained in paragraph 75 constitute plaintiff's conclusions of law to which no answer is required.

76. The allegations contained in paragraph 76 constitute plaintiff's characterization of EPA's termination letter; that letter is the best evidence of its content and EPA otherwise denies the allegations in paragraph 76. To the extent the allegations in paragraph 76 may deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

77. The allegations contained in paragraph 77 constitute plaintiff's conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they constitute plaintiff's characterization of the revised grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 77.

78. The allegations contained in paragraph 78 constitute plaintiff's conclusions of law to which no answer is required.

79. The allegations contained in paragraph 79 constitute plaintiff's conclusions of law to which no answer is required.  To the extent they constitute allegations of fact EPA denies for lack of knowledge or information sufficient to form a belief as to their truth.

80. The allegations contained in paragraph 80 appear to constitute plaintiff's characterization of the grant termination letter; that letter is the best evidence of its content. To the extent they constitute allegations of fact relating to the green bank's actions, EPA denies for lack of knowledge or information sufficient to form a belief as to their truth and EPA otherwise denies the allegations in paragraph 80.

81. Denies the allegations in paragraph 81 for lack of knowledge or information sufficient to form a belief as to their truth.

82. The allegations contained in paragraph 82 constitute plaintiff's conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

83. Defendant incorporates by reference its answers to ACC's allegations contained in the preceding paragraphs.

84. The allegations contained in paragraph 84 constitute plaintiff's conclusions of law to which no answer is required.

85. The allegations contained in paragraph 85 constitute plaintiff's conclusions of law to which no answer is required.

86. The allegations contained in paragraph 86 constitute plaintiff's conclusions of law to which no answer is required.

87. The allegations contained in paragraph 87 constitute plaintiff's conclusions of law to which no answer is required.

88. The allegations contained in paragraph 88 constitute plaintiff's conclusions of law to which no answer is required.

89. The allegations contained in paragraph 89 constitute plaintiff's conclusions of law to which no answer is required.

90. The allegations contained in paragraph 90 constitute plaintiff's characterization of the termination letter; that letter is the best evidence of its content and EPA otherwise denies the allegations in paragraph 90.

91. The allegations contained in paragraph 91 constitute plaintiff's conclusions of law to which no answer is required.

92. The allegations contained in paragraph 92 constitute plaintiff's conclusions of law to which no answer is required.

93. The allegations contained in paragraph 93 constitute plaintiff's conclusions of law to which no answer is required.

94. The allegations contained in paragraph 94 constitute plaintiff's conclusions of law to which no answer is required.

95. The allegations contained in paragraph 95 constitute plaintiff's conclusions of law to which no answer is required.

96. The allegations contained in paragraph 96 constitute plaintiff's conclusions of law to which no answer is required.

97. The allegations contained in paragraph 97 constitute plaintiff's conclusions of law to which no answer is required.  To the extent the allegations in paragraph 97 constitute allegations of fact, EPA denies the allegations in paragraph 97 for lack of knowledge or information sufficient to form a belief as to their truth.

98. Defendant incorporates by reference its answers to ACC's allegations contained in the preceding paragraphs.

99. The allegations contained in paragraph 99 constitute plaintiff's conclusions of law to which no answer is required.

100.    The allegations contained in paragraph 100 constitute plaintiff's conclusions of law to which no answer is required.

101.    The allegations contained in paragraph 101 constitute plaintiff's conclusions of law to which no answer is required.

102.    The allegations contained in paragraph 102 constitute plaintiff's conclusions of law to which no answer is required.

103.    The allegations contained in paragraph 103 constitute plaintiff's conclusions of law to which no answer is required.

104.    The allegations contained in paragraph 104 constitute plaintiff's conclusions of law to which no answer is required.  To the extent they may be deemed allegations of fact, they constitute plaintiff's characterization of the revised grant agreement; that agreement is the best evidence of its content and EPA otherwise denies the allegations in paragraph 104.

105.    Denies the allegations in paragraph 105 for lack of knowledge or information sufficient to form a belief as to their truth.

106.    The allegations contained in paragraph 106 constitute plaintiff's conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

107.    The allegations contained in paragraph 107 constitute plaintiff's conclusions of law to which no answer is required.

108.    The allegations contained in paragraph 108 constitute plaintiff's conclusions of law to which no answer is required.

109.     The allegations contained in paragraph 109 constitute plaintiff's conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they constitute plaintiff's characterization of the termination letter; that letter is the best evidence of its content and EPA otherwise denies the allegations in paragraph 109.

110.     The allegations contained in paragraph 110 constitute plaintiff's conclusions of law to which no answer is required.

111.     The allegations contained in paragraph 111 constitute plaintiff's conclusions of law to which no answer is required.

112.     Denies the allegations in paragraph 112 for lack of knowledge or information sufficient to form a belief as to their truth.

113.     Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 112 or to any relief whatsoever.

114.     Denies each and every allegation not previously admitted or otherwise qualified.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

WILLIAM J. GRIMALDI
Assistant Director

*/s Nelson Kuan*

14

NELSON KUAN
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone:     (202) 307-0335
E-mail: nelson.kuan@usdoj.gov
Counsel for Defendant

15