**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| APPALACHIAN COMMUNITY CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civ. No. 26-562<br><br>Judge Dietz |

**JOINT PRELIMINARY STATUS REPORT**

In accordance with Rule 16 and Appendix A of the Rules of the Court of Federal Claims (RCFC), Plaintiff, Appalachian Community Capital Corporation (ACC), and Defendant, the United States, through undersigned counsel respectfully submit this Joint Preliminary Status Report. Counsel for the parties discussed this case via teleconference and via electronic mail.

## I. PRELIMINARY MATTERS

The parties provide the following response to each of the questions identified in RCFC Appendix A, Paragraph 4:

**a) Does the Court have jurisdiction over this action?**

Plaintiff's Position: Plaintiff asserts that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491.

Defendant's Position: Defendant is unaware of any basis upon which to challenge the Court's jurisdiction at this time.

**b) Should the case be consolidated with any other case and, if so, why?**

The parties are unaware of any basis for consolidation or transfer of this case at this time. There is a similar case pending before this Court, *Native CDFI Network, Inc. v. USA*, No. 1:26-

cv-00646-RTH, but the complaint in *Native CDFI Network* alleges causes of action not present in this case. Native CDFI Network has filed a motion to transfer its case to this Court, which Plaintiff and Defendant have not opposed, but no party has sought consolidation with this matter.

**c) Should the trial of liability and damages be bifurcated?**

Assuming the case is tried, the parties do not at this time believe that the trial should be bifurcated.

**d) Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

The parties are unaware of any reason for deferring the proceedings pending consideration of another case.

**e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

Neither party anticipates seeking a remand or suspension.

**f) Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.**

The parties are unaware of any additional parties to be joined.

**g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

Plaintiff intends to file a RCFC 56 motion on liability with respect to Count I, Breach of the CCIA Revised Grant Agreement. Plaintiff submits that discovery is not necessary before Plaintiff files its partial summary judgment motion on liability with respect to Count I of Plaintiff's Complaint. Plaintiff proposes to file its motion by November 2, 2026, with the Government to oppose the motion by December 18, 2026, and Plaintiff to file its reply by January 19, 2027.

If the Court, after review of the motion, believes that further factual development is necessary for resolution of Defendant's liability with respect to Count I of the Complaint or if the

Court denies Plaintiff's partial summary judgment motion on the merits, the parties will confer on a proposed discovery schedule and provide a status report to the Court.

Defendant does not oppose Plaintiff's proposal to brief its partial summary judgment motion addressing liability with respect to Count I of the complaint, Plaintiff's proposed summary judgment briefing schedule, staying discovery until Plaintiff's partial summary judgment motion is resolved, or Plaintiff's proposal that the parties confer on a proposed discovery schedule once Plaintiff's motion is resolved.

**h) What are the relevant factual and legal issues?**

Plaintiffs' Position: This case arises from a dispute between ACC and the Environmental Protection Agency (EPA) over EPA's termination of a $500 million grant agreement the parties entered in August 2024 and revised in December 2024. In August 2024, ACC received a portion of awarded funds and by December 2024, EPA transferred the remainder of the $500 million award from the U.S. Treasury to the Fiscal Agent Account at Citibank For the Benefit (FBO) of ACC. In August 2024, ACC began performance under the grant agreement in furtherance of the grant's goals, and by March 2025, had incurred significant expense and awarded $67 million to nine community lenders.

On March 11, 2025, EPA sent ACC a notice purporting to terminate the grant. The notice advised that the grant would be terminated not because of any specific concerns with ACC's performance but instead due to more general concerns about the Greenhouse Gas Reduction Fund (GGRF) program, including "misalignment" with the new Administration's priorities. EPA sent similar notices to other GGRF recipients.

ACC filed suit in this Court on April 16, 2026, asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing. ACC alleges that EPA terminated

the grant agreement for reasons other than those authorized by the agreement, thereby breaching the contract. ACC also alleges that EPA violated the implied covenant of good faith and fair dealing by interfering with ACC's reasonable expectation regarding "the fruits" of the grant agreement and interfering with ACC's operation without legal authority or basis. ACC seeks an award of damages in the amount that EPA has unlawfully withheld.

Plaintiff believes that the relevant factual and legal issues in this case include the following:

1. Did EPA breach the grant agreement with ACC?
2. Did EPA violate the implied covenant of good faith and fair dealing?
3. If EPA breached the grant agreement and/or violated the implied covenant of good faith and fair dealing, what are ACC's damages?

Defendant's Position: Defendant states that the relevant factual and legal issues are whether EPA violated the terms of the grant agreement, whether EPA violated the duty of good faith and fair dealing, whether Plaintiff has suffered actual, cognizable damages from EPA's termination of their grant agreement and, if so, each Plaintiff's quantum of damages.

**i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The parties are willing to explore settlement and maintain an open dialogue so that the parties can have productive discussions if and when it becomes appropriate. At this early stage of the litigation, the parties cannot gauge the likelihood of alternative dispute resolution, but the parties are willing to discuss participating in an ADR at a later point in time.

**j) Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why? A request for expedited trial scheduling is generally appropriate when the parties anticipate that discovery, if any, can be completed within a 90-day period, the case can be tried within 3 days, no dispositive motion is anticipated, and a bench ruling is sought. The requested place of trial shall be stated. Before such a request is made, the parties shall confer specifically on this subject.**

Assuming the case is not resolved through summary judgment or settlement, the parties anticipate proceeding to trial. The parties do not request an expedited trial. If the case is tried, the parties request that the trial take place in Washington, D.C.

**k) Are there special issues regarding electronic case management needs?**

At this time, the parties are unaware of any issues regarding electronic case management needs. The parties will reassess the need for electronic case management if the case is not resolved through Plaintiff's partial summary judgment motion or settlement.

**l) Is there other information of which the court should be aware at this time?**

The parties are unaware of any other information of which the Court should be aware at this time.

## II. Discovery

<u>Plaintiff's Position</u>: Plaintiff submits that discovery is not necessary before it files its RCFC 56 motion on liability with respect to Count I, Breach of the CCIA Revised Grant Agreement. As such, Plaintiff proposes staying discovery in favor of briefing Plaintiff's motion for partial summary judgment on liability with respect to Count I of the complaint. Once Plaintiff's motion for partial summary judgment is resolved, Plaintiff proposes that it will confer with Defendant on a proposed discovery schedule with respect to the remaining issues in the case and any factual development this Court finds is necessary for resolution of the issue of liability on Count I of the complaint.

<u>Defendant's Position</u>: Defendant does not oppose Plaintiff's proposal to brief its partial summary judgment motion addressing liability with respect to Count I of the complaint, staying discovery until Plaintiff's partial summary judgment motion is resolved, or Plaintiff's proposal that the parties confer on a proposed discovery schedule once Plaintiff's motion is resolved.

Respectfully submitted.

Dated: Washington, DC
September 17, 2026

**DEMOCRACY DEFENDERS FUND**

/s/ *Lindsay W. Zimliki*

Lindsay W. Zimliki
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
lindsay@democracydefenders.org

**WALDEN HARAN WILLIAMS LLP**
Samuel Rosh (admitted *pro hac vice*)
250 Vesey Street, 27th Floor
New York, NY 10281
Tel: (212) 335-2030
srosh@whwllp.com

*Counsel for Plaintiff*

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

WILLIAM J. GRIMALDI
Assistant Director

/s/ *Nelson Kuan*

NELSON KUAN
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0335
nelson.kuan@usdoj.gov

*Counsel for Defendant*