# In the United States Court of Federal Claims

No. 26-562
(Filed: October 29, 2026)

| | |
|---|---|
| APPALACHIAN COMMUNITY CAPITAL CORPORATION, | |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## ORDER

On April 16, 2026, Appalachian Community Capital Corporation ("ACC") filed a complaint in this case. [ECF 1]. Thereafter, on May 8, 2026, Native CDFI Network Inc. ("Native CDFI") filed a notice of a directly (or, alternatively, indirectly) related case pursuant to Rule 40.2 of the Rules of the United States Court of Federal Claims ("RCFC") and a motion to transfer its case to the undersigned pursuant to RCFC 40.1. [ECF 10]. Native CDFI's case is assigned to Judge Ryan T. Holte, *Native CDFI Network Inc. v. United States*, No. 26-646.

Under RCFC 40.2(a)(2), cases are directly related when "(A) they involve the same parties and are based on the same or similar claims; or (B) they involve the same solicitation, contract, property, or patent." Because ACC's and Native CDFI's respective cases do not involve the same parties or the same contract, these cases are not directly related. *See Entergy Nuclear Indian Point 2, LLC v. United States*, 62 Fed. Cl. 798, 801 (2004) ("Precisely the same contract must be involved, not just a contract that is similar or that has identical or comparable terms but relates to one or more different parties."). Under Rule 40.2(b)(2), cases are indirectly related when "(A) they present common issues of fact; and (B) their consolidation for purposes of coordinated discovery can be expected significantly to promote the efficient administration of justice." In the instant case, the undersigned entered a scheduling order on October 23, 2026, establishing a summary judgment briefing schedule and staying discovery until the resolution of the summary judgment motion. [ECF 25]. In Native CDFI's case, Judge Holte entered a scheduling order on October 26, 2026, establishing a discovery schedule. Case No. 26-646, [ECF 16]. Because ACC's and Native CDFI's respective cases are on divergent paths, the transfer of Native CDFI's case to the undersigned and consolidation for discovery purposes will not significantly promote the efficient administration of justice. Accordingly, having consulted and reached agreement with Judge Holte, the motion to transfer filed by Native CDFI, [ECF 10], is **DENIED**.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge