# EXHIBIT 10

COZEN O'CONNOR

April 10, 2025

**Nicole H. Sprinzen**
Direct Phone 202-471-3451
Direct Fax 202-499-2941
nsprinzen@cozen.com

**Eric W. Leonard**
Direct Phone 202-280-6536
Direct Fax 202-742-2519
eleonard@cozen.com

**VIA E-MAIL**

Chad McIntosh, P.E.
Acting Deputy Administrator
U.S. Environmental Protection Agency
1200 Pennsylvania Ave. NW
3412 WJC-North | Mail Code 1102
Washington, DC 20460
mcintosh.chad@epa.gov

Zachary McNealy
Aileen Nowlan
Julie Zavala
U.S. Environmental Protection Agency
1200 Pennsylvania Ave NW
Washington, DC 20460
mcnealy.zachary@epa.gov
nowlan.aileen@epa.gov
zavala.julie@epa.gov

**Re: Notice of Appeal as to Grant agreement number 84094401**

Dear Sir/Madam:

Pursuant to 2 C.F.R. § 200.340(c)(1)(ii) and related relevant grant regulations, Appalachian Community Capital Corporation ("Appalachian") hereby provides notice of appeal of the March 11, 2025 decision by the Environmental Protection Act ("EPA") to terminate grant agreement number 84094401 (the "Grant"). As set forth in 2 C.F.R. § 200.342, Appalachian also requests that the EPA provide information about how to challenge this action and provide an opportunity to object.

To the extent EPA's termination was issued as a purported remedy to noncompliance (as is suggested by information and citations referenced in the March 11 termination notice), Appalachian disputes this (and any other) basis for terminating the Grant. The termination letter failed to provide or identify any evidence of material failure to comply with terms and conditions of the award or evidence of waste, fraud or abuse. Similarly, the citation in the March 11 letter of Grant Agreement and the Terms and Conditions Sections III.R (Remedies for Noncompliance) and III.S.3 (Sufficient Progress), further calls into question EPA's alleged basis for issuing the termination letter. Again, EPA has provided no evidence to support either of these bases for termination nor has the agency provided Appalachian with an opportunity to cure any issues pursuant to the Agreement Section III.S.3 and 2 C.F.R. § 200.208 ("If EPA finds the Recipient

---

has failed to achieve sufficient progress on deployment of Financial Assistance to CCIA-Eligible Projects in general, the Recipient will have an opportunity to implement a corrective action plan pursuant to 2 CFR 200.208."). For these and other reasons to be raised on appeal, EPA's termination decision is in breach of the terms and conditions of the Grant, and Appalachian intends to appeal the EPA's termination decision.

Finally, as you are aware, litigation related to the propriety of EPA's termination of a grant agreement to Climate United Fund, to which Appalachian's grant agreement is nearly identical, is ongoing in the U.S. District Court for the District of Columbia. The District Court has enjoined that termination. Through separate counsel, copied hereon, Appalachian may join that litigation.

Appalachian also reserves any and all rights and defenses, regardless of whether it is stated herein.

Sincerely,

COZEN O'CONNOR

By: Nicole H. Sprinzen
Eric W. Leonard

cc: Kevin Muhlendorf, Esq. (kmuhlendorf@wiley.law)
Suzanne Pierce, Esq. (spierce@cowanperry.com)
Donna Gambrell, Appalachian Community Capital